# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:16cv235

| | |
|---|---|
| CAROLYN ELIZABETH GRIFFITH, et al., ) ) ) Plaintiffs, ) ) v. ) ) ANTHONY CRAWFORD GRAY, et al., ) ) Defendants. ) _____ ) | **MEMORANDUM AND RECOMMENDATION** |

Pending before the Court is the Motion to Dismiss [# 20]. Plaintiffs brought this action asserting claims against Defendants arising out of an automobile accident in North Carolina. Defendants Arjana Rosic and Samir Duratovic move to dismiss the claims asserted against them for lack of personal jurisdiction. Previously, the District Court denied a similar Motion to Dismiss filed by Defendant Dzevad Ahmetasevic. The Court **RECOMMENDS** that the District Court **DENY** the Motion to Dismiss [# 20].

**I.    Analysis**[1]

---

[1] This Court would ordinarily set forth the applicable facts and procedural history of the case in a separate section of its Memorandum & Recommendation. In light of the prior Order by the District Court denying Defendant Ahmetasevic's Motion to Dismiss, <u>Seymour v. Rosic</u>, Docket No. 1:16-cv-00235-MOC-DLH, 2016 WL 4411507, however, the Court will only incorporate the relevant facts into its legal analysis.

Rule 12(b)(2) of the Federal Rules of Civil Procedure provide for the dismissal of a defendant where the Court lacks personal jurisdiction over the defendant. A plaintiff bears the burden of proving that the Court has personal jurisdiction over a defendant by a preponderance of the evidence. New Wellington Fin. Corp. v. Flagship Resort Dev. Corp., 416 F.3d 290, 294 (4th Cir. 2005); Beocare Grp., Inc. v. Morrissey, 124 F. Supp. 3d 696, 699 (W.D.N.C. 2015) (Voorhees, J.). Courts are provided flexibility in how they address a motion to dismiss for lack of personal jurisdiction. For example, a Court may rule on the motion based on the pleadings, hold an evidentiary hearing, or allow jurisdictional discovery prior to ruling on the motion. See Marx Indus., Inc. v. Chestnut Ridge Foam, Inc., No. 5:11cv139-RLV, 2012 WL 4888322, at *2 (W.D.N.C. Oct. 12, 2012) (Voorhees, J.); Protocol, LLC v. Henderson, 18 F. Supp. 3d 689, 695 (M.D.N.C. 2014). However, when a Court rules on a defendant's Rule 12(b)(2) motion to dismiss without an evidentiary hearing, such as the case here, a plaintiff need only set forth a prima facie case that the Court has personal jurisdiction over the defendant. Mylan Labs., Inc. v. Akzo, N.V., 2 F.3d 56, 60 (4th Cir. 1993). In determining whether a plaintiff has made this prima facie showing, the Court construes the allegations in the complaint in the light most favorable to the plaintiff and must resolve all factual disputes in favor of the plaintiff. New Wellington, 416

F.3d at 294; Mylan Labs., 2 F.3d at 60; Morrissey, 124 F. Supp. 3d at 699-700.

In order to determine whether Plaintiffs have satisfied their burden, the Court must engage in a two-step analysis. Ellicott Mach. Corp ., Inc. v. John Holland Party Ltd., 995 F.2d 474, 477 (4th Cir. 1993); Vishay Intertechnology, Inc. v. Delta Int'l Corp., 696 F.2d 1062, 1064 (4th Cir.1982). First, the Court must determine whether the exercise of jurisdiction over a nonresident defendant is authorized by North Carolina's long-arm statute. New Wellington, 416 F.3d at 294; Ellicott Mach., 995 F.2d at 477. Second, the Court considers whether the exercise of jurisdiction over the defendant comports with the Due Process Clause of the Fourteenth Amendment. New Wellington, 416 F.3d at 294; Ellicott Mach., 995 F.2d at 477. Because the North Carolina Supreme Court has interpreted the state's long-arm statute to reach the constitutional limits of due process, Dillon v. Numismatic Funding Corp., 231 S.E.2d 629, 630-31 (N.C.1977), courts often compress this two-step inquiry into a single inquiry, see Universal Leather, LLC v. Koro AR, S.A., 773 F.3d 553, 558 (4th Cir. 2014); CEM Corp. v. Personal Chemistry, 55 F. App'x 621, 623 (4th Cir. 2003) (unpublished); Morrissey, 124 F. Supp. 3d at 700; Gen. Latex & Chem. Corp. v. Phoenix Med. Tech., Inc. 765 F. Supp. 1246, 1249 n. 1 (W.D.N.C.1991) (Potter, J.).

Personal jurisdiction may either be specific or general. ALS Scan Inc. v.

Digital Serv. Consultants, Inc., 293 F.3d 707, 711-12 (4th Cir. 2002). Where a defendant's contacts with the forum state also provide the basis for the suit against the defendant, the contacts may establish specific jurisdiction. Id.; Carefirst of Md, Inc. v. Carefirst Pregnancy Ctrs., Inc., 334 F.3d 390, 397 (4th Cir. 2003). "In determining whether specific jurisdiction exists, we consider (1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the state; (2) whether the plaintiffs' claims arise out of those activities directed at the state; and (3) whether the exercise of personal jurisdiction would be considered reasonable." Carefirst, 334 F.3d at 397 (internal quotation and citation omitted); see also Consulting Eng'r Corp. v. Geometric Ltd., 561 F.3d 273, 278 (4th Cir. 2009). In contrast, where a defendant's contacts with the forum state are not also the basis of the claims, then jurisdiction over the defendant must constitute general jurisdiction. Id. "To establish general jurisdiction, the defendant's activities in the state must have been continuous and systematic." Id. (internal quotations and citation omitted).

Plaintiffs contend that the exercise of specific jurisdiction as to Defendants Rosic and Duratovic is proper in this case based on the allegations of a conspiracy between Defendants. The conspiracy theory of personal jurisdiction allows the exercise of personal jurisdiction over a conspirator not present in the forum state

where one of the other conspirators has the requisite minimum contacts with the forum state. See Lolavar v. de Santibanes, 430 F.3d 221, 229-30 (4th Cir. 2005). In order for a plaintiff to establish specific jurisdiction over a non-resident defendant by means of this theory, the plaintiff must assert a plausible claim: (1) that a conspiracy existed; (2) that each of the defendants challenging the exercise of personal jurisdiction participated in the conspiracy; and (3) that the actions of a co-conspirator in furtherance of the conspiracy had sufficient contacts with the forum state to subject the remaining conspirators to jurisdiction in the forum state. Unspam Techs., Inc. v. Chernuk, 716 F.3d 322, 329 (4th Cir. 2013). A plaintiff, however, must rely on more than bare allegations; the complaint must contain sufficient factual allegations to demonstrate that the defendants participated in the alleged conspiracy. Id.

Construing the allegations in the Complaint in the light most favorable to Plaintiffs and resolving all factual disputes in favor of the Plaintiffs, as the Court is required to do at this stage of the proceedings, the Court finds that Plaintiffs have satisfied their burden of setting forth a prima facie case that the Court has personal jurisdiction over Defendants Rosic and Duratovic. See Mylan Labs., 2 F.3d at 60. First, the Complaint alleges the existence of a conspiracy and contains plausible factual allegations supporting the alleged conspiracy. The Complaint alleges that

Defendants Rosic, Duratovic, Gray, and Ahmetasevic conspired together in furtherance of a common scheme to flout the safety rules governing inspection, repair, and maintenance of the commercial vehicles under their control. (Pls.' Compl. ¶ 61, ECF No. 1-2.) Plaintiffs allege that these Defendants failed to perform proper inspections of the vehicles and misrepresented on inspection reports and records the condition of the vehicles. (Id. ¶ 61.) As the Complaint further alleges:

> The object of the Defendants' conspiracy was to circumvent multiple safety rules set forth in the Federal Motor Carrier Safety Regulations with the intended purpose of enabling these Defendants to transport as many loads per day or per week as possible in order to gain an unfair competitive advantage and profit from the conspiracy by not spending time and money on inspections, maintenance, and repairs.

(Id. ¶ 63.) The Complaint also contains numerous specific, factual allegations supporting this conspiracy claim. (Id. ¶¶ 23, 31-41, 45, 52, 53, 61-70.) The Court finds that Plaintiffs have set forth ample factual allegations in the Complaint to support their claim that a conspiracy existed, and this is not a case where the allegations of a conspiracy are supported by only conclusory, bare allegations.

Second, the Complaint sets forth allegations that both Defendants Rosic and Duratovic participated in the conspiracy. Plaintiffs allege that Defendants Rosic and Duratovic worked with the other co-conspirators to engage in a scheme to

circumvent vehicle safety inspections in order to increase their profit and gain an advantage in the market. (Id. ¶¶ 19, 61-69.) In addition, the Complaint alleges that Defendants Rosic and Duratovic knew of the equipment violations, knew that the other co-conspirators were not performing proper inspections, and knew that the drivers were misrepresenting the condition of the Defendants' vehicles. (Id.)

Third, Plaintiffs have made a prima facie showing that one of the other co-conspirators, Defendant Gray, undertook actions in furtherance of the conspiracy in North Carolina and had sufficient contacts with the State to subject Defendants Rosic and Duratovic to jurisdiction in North Carolina. Defendant Gray is a commercial motor vehicle operator with a Georgia license. (Id. ¶ 3.) Defendant Gray was operating a tractor-trailer in North Carolina. (Id. ¶ 25.) The tractor was owned by Defendant C&A Transport. (Id. ¶ 24.) In furtherance of the conspiracy, Defendant Gray failed to properly inspect the trailer and hauled the trailer through North Carolina despite the unsafe conditions of the trailer. (Id. ¶¶ 45, 52, 64, 68.) While operating the tractor-trailer in North Carolina the trailer's chassis frame failed, resulting in an accident in North Carolina that injured Plaintiffs. (Id. ¶¶ 47-50.) The exercise of personal jurisdiction over Defendant Gray based on his contacts with North Carolina while transporting commercial freight in a tractor-trailer in North Carolina is more than sufficient to establish personal jurisdiction

over him in the State. Moreover, Plaintiffs have set for a prima facie case that Defendant Gray took these actions in North Carolina in furtherance of the alleged conspiracy and, thus, the Court may establish personal jurisdiction over Defendants Rosie and Duratovic based on Defendant Gray's contacts with North Carolina. Because the Court finds that Plaintiffs have set forth a prima facie case of personal jurisdiction over Defendants Rosie and Duratovic, the Court **RECOMENDS** that the District Court **DENY** the Motion to Dismiss [# 20].

### III. Conclusion

The Court **RECOMMENDS** that the District Court **DENY** the Motion to Dismiss [# 20].

Signed: January 7, 2017

Dennis L. Howell
United States Magistrate Judge

## Time for Objections

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same.  **Responses to the objections must be filed within fourteen (14) days of service of the objections.**  Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal.  Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).